UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JOHN BROWN,

    Plaintiff,

v.                                             CASE NO.:

CONN APPLIANCES, INC.

    Defendant
    _____/

## COMPLAINT

COMES NOW, Plaintiff, John Brown, by and through the undersigned counsel, and sues Defendant, CONN APPLIANCES, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CONN APPLIANCES, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

1

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls.  The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Shelby County, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Shelby County, Tennessee.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, CONN APPLIANCES, INC., is a corporation which was formed in Texas with its principal place of business located at 4055 Technology forest Blvd, Suite 210, The Woodlands, TX 77381-2008 and which conducts business in the State of Tennessee through its registered agent, CT Corporation System, located at 800 S. Gay St., Suite 2021, Knoxville, TN, 37929-9710.

11. CONN APPLIANCES, INC. called Plaintiff approximately four hundred fifty (450) times since January 1, 2016, in an attempt to collect a debt.

12. Upon information and belief, some or all of the calls CONN APPLIANCES, INC. made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that his knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and/or he received prerecorded messages from CONN APPLIANCES, INC..

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (901) ***-9400, and was the called party and recipient of Defendant's calls.

14. Beginning on or about January 1, 2016, CONN APPLIANCES, INC. began bombarding Plaintiff's cellular telephone (901) ***-9400 in an attempt to collect a debt.

15. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to seven (7) times a day from approximately January 1, 2016 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort to the collection of the subject account.

16. On or about April 1, 2016 Plaintiff first requested that the calls to his cell phone cease by stating "Please stop calling me.  I don't have the money right now."  The Plaintiff orally revoked his consent to be called by the Defendant many more times in an effort to stop the collection calls.

17. Each of the auto dialer calls the Defendant made to the Plaintiff's cellular telephone after approximately April 1, 2016 were done so after he had revoked consent.

18. The auto dialer calls from Defendant came from the telephone numbers including but not limited to (901) 563-0447; (901) 563-1412; (901) 563-2602; (901) 563-2976; (901) 609-8402; (901) 563-1412; (901) 563-0447 and (800) 838-8434, and when those numbers are called a representative answers and identifies the company as "Conn's Home Plus".

19. Despite the Plaintiff's multiple requests for the calls to stop, the Defendant continued to call the Plaintiff.

20. The Plaintiff received an estimated four hundred thirty (430) calls from the Defendant between the time he initially revoked his consent to be called on April 1, 2016 and the filing of this law suit and estimates dozens of other calls before that time period.

21. Despite Plaintiff informing Defendant to stop calling, the Defendant called the Plaintiff repeatedly, including but not limited to calls Plaintiff was able to log on July 11, 2016; July 13, 2016; July 14, 2016; July 15 2016 and July 18, 2016.

22. CONN APPLIANCES, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

23. CONN APPLIANCES, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or CONN APPLIANCES, INC., to remove the number.

24. CONN APPLIANCES, INC.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to CONN APPLIANCES, INC. they do not wish to be called.

25. CONN APPLIANCES, INC. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

26. CONN APPLIANCES, INC. has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

27. CONN APPLIANCES, INC. has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

28. CONN APPLIANCES, INC.'s corporate policy provided no means for Plaintiff to have Plaintiff's number removed from CONN APPLIANCES, INC. call list.

29. CONN APPLIANCES, INC. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

30. Not one of CONN APPLIANCES, INC.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

31. CONN APPLIANCES, INC. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

32. From each and every call placed without express consent by CONN APPLIANCES, INC. to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

33. From each and every call without express consent placed by CONN APPLIANCES, INC. to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from CONN APPLIANCES, INC. call.

34. From each and every call placed without express consent by CONN APPLIANCES, INC. to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time she spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

35. Each and every call placed without express consent by CONN APPLIANCES, INC. to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and

deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

36.   Each and every call placed without express consent by CONN APPLIANCES, INC. to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

37.   Each and every call placed without express consent by CONN APPLIANCES, INC. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

38.   Each and every call placed without express consent by CONN APPLIANCES, INC. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

39.   As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

40. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

41. CONN APPLIANCES, INC. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified CONN APPLIANCES, INC. that Plaintiff wished for the calls to stop

42. CONN APPLIANCES, INC. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CONN APPLIANCES, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/Mark Lambert, Esquire
Mark Lambert, Esquire
BPR #: 22509
Morgan & Morgan
1 Commerce Square, 26th Floor
Memphis, TN 38103
T: (901) 217-7000
F: (901) 333-1897
MLambert@forthepeople.com
Attorney for Plaintiff